STATE OF MICHIGAN
UNITED STATES DISTRICT COURT
EASTERN DISTRICT – SOUTHERN DIVISION

VETEL DIAGNOSTICS, INC.,

       Plaintiff/Counter-Defendant,

vs.                                    Case No. 2:11-cv-14575-DML-LJM
                                          Hon. David M. Lawson

BERT BOSSARDET,

       Defendant/Counter-Plaintiff.
_____/

| | |
|---|---|
| Eugene H. Boyle, Jr. P42023 | Edward N. Lynch P43800 |
| H. William Burdett, Jr. P63185 | Kurt D. Yockey P32473 |
| Boyle Burdett | Yockey, Yockey & Schliem |
| Attorneys for Plaintiff | Attorneys for Defendant |
| 14950 East Jefferson Avenue, Ste. 200 | 33742 West Twelve Mile Road |
| Grosse Pointe Park, MI 48230 | Farmington Hills, MI 48331 |
| (313) 344-4000 | (248) 489-1100 |
| burdett@boyleburdett.com | enl@yockeylaw.com |

_____/

**JOINT BRIEF IN SUPPORT OF**
**STIPULATED ORDER TO AUTHORIZE**
**SEALING OF DOCUMENTS**

1

**STATEMENT OF ISSUE PRESENTED**

Whether two proffered exhibits in Defendant Bossardet's Response to Plaintiff's Motion for Partial Summary Judgment: Plaintiff Vetel's Profit and Loss Statements from 2007 to 2011 (proposed exhibit D) and Defendant's Damages Calculation (proposed Exhibit E), should be filed under seal as Plaintiff Vetel argues these documents are sources of business information that might harm Plaintiff Vetel's competitive standing and business interests and Defendant Bossardet concurs in Plaintiff's argument.

## CONTROLLING LEGAL AUTHORITY

*Brown & Williamson Tobacco Corp v. FTC, 710 F.2nd 1165, 1177 (6th Cir. 1983)*

*Nixon v. Warner Communications, Inc., 435 US 589, 598 (1978)*

*Carter v. Welles-Bowen Realty, Inc., 628 F. 3rd 790, 791 (6th Cir. 2010)*

E.D. Mich. LR 5.3(c)

**JOINT BRIEF IN SUPPORT OF**
**STIPULATED ORDER TO AUTHORIZE**
**SEALING OF DOCUMENTS**

Plaintiff Vetel Diagnostics, Inc. ("Vetel") filed a Motion for Partial Summary Judgment alleging that the Court should dismiss Defendant Bert Bossardet's ("Bossardet") Counterclaim Count alleging application of the Michigan Commission Sales Representative Act. Bossardet filed a Response in opposition to the Motion, with Bossardet's primary argument being that a fact question exists since a jury could determine, from the evidence, that Vetel failed to pay Bossardet all of the commissions he may be entitled to, based on all of the total sales of the company, as opposed to a portion of the sales that Vetel contends are applicable to a commission reconciliation.

In order for Bossardet to support his argument, he must rely on Vetel's documentation, by way of Profit and Loss Statements during Bossardet's tenure as a contractor with Vetel (from 2007 to 2011), which set forth the total sales of the company. These documents were deemed to be confidential by Vetel and were submitted in discovery as such pursuant to a Protective Order entered by this Court relating to confidentiality.

The parties have conferred in advance of preparing their Stipulated Order to Authorize Sealing of Documents and concur in the relief requested herein.

The parties acknowledge that the public has a "right to know" and that the power of a United States District Court to seal records is subject to "a long-established legal tradition" of open access to Court documents. See *Brown & Williamson Tobacco Corp v. FTC*, 710 F.2nd 1165, 1177 (6th Cir. 1983).

However, the common-law right to inspect and copy judicial records is not absolute, and the decision of whether to permit access is best left to the sound discretion of the Trial Court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case. *Nixon v. Warner Communications, Inc., 435 US 589, 597-599 (1978)*. In fact, the Supreme Court has held that every Court has supervisory power over its own records and files and that access to the public has been denied where Court files might have become a vehicle for improper purposes. *Nixon, supra, at 598*. The court recognizes circumstances where information can be properly withheld from public view, including instances where the claimed confidential and proprietary documents may be utilized "as sources of business information that might harm a litigant's competitive standing". *Nixon, supra, at 598*.

Likewise, the 6th Circuit has allowed instances where confidential financial information may be filed under seal, even suggesting the protection to the public of having the parties file redacted versions of the sealed documents in the public court file. See *Carter v. Welles-Bowen Realty, Inc., 628 F.3rd 790, 791 (6th Cir. 2010)*.

The documents at issue in this case involve Profit and Loss Statements of Vetel for years 2007 through 2011. These documents set forth specific and detailed financial information for the complete operations of Plaintiff's business, including recitation of all sales made, income earned, costs of goods sold, costs and expenses of the company and other detailed information which is found on a confidential financial report. Vetel is a closely held business that specializes in the sale and distribution of specialized veterinary diagnostic equipment. Vetel contends that this is a specialized market that is highly competitive and that its internal financial information, if made available to competitors of

Vetel, would significantly harm its competitive standing within its industry. Bossardet does not contest this position. He consented to an Order of Confidentiality. He presently works for a competitor of Vetel and acknowledges that the information contained in the Profit and Loss Statements of Vetel is proprietary and confidential in nature and should not be disclosed to any competitor of Vetel.

The public would have limited interest in the inner financial dealings of a company such as Vetel. Vetel is not a public utility, does not service the general public and is the type of business that services a limited market, veterinarians that have a specialized need for particular diagnostic equipment. Information such as a company's gross sales, sales within a sector, pricing, costs of goods sold, operation costs and other specific dollar entries on an internal financial report would not likely be of interest to the general public. Clearly, the competitive standing of Vetel would be adversely impacted if its financial data was subject to public disclosure. A competitor could utilize Vetel's financial picture to affect pricing, marketing, reputation, and other business positioning. As with any Profit and Loss Statement that contains a complete picture of the financial workings of a company, a competitor could utilize various aspects of that information to gain a competitive advantage over Vetel. Vetel takes this position in this litigation and Bossardet does concur that the information should be held confidential.

The parties therefore request that the Court allow the Profit and Loss Statements along with Bossardet's Damages Calculation and argument to be filed under seal. In addition, pursuant to the parties' Stipulated Order, Bossardet would file the two proposed exhibits, which are to be placed under seal, in a redacted format, excluding all

confidential and proprietary financial information. The redacted exhibits would be part of the public record.

## CONCLUSION

The parties, through counsel, respectfully request that this Court enter the Stipulated Order to Authorize Sealing of Documents as the proprietary and confidential nature of these documents outweigh the general public's interest in having open access to Court documents for the circumstances that are particular to this matter that are set forth above.

Respectfully submitted,

| | |
|---|---|
| /s/ H. William Burdett | /s/ Edward N. Lynch |
| H. William Burdett, Jr. P63185 | Edward N. Lynch P43800 |
| Attorney for Plaintiff/Counter-Defendant | Attorney for Defendant/Counter-Plaintiff |
| 14950 East Jefferson Avenue, Ste. 200 | 33742 West Twelve Mile Road |
| Grosse Pointe Park, MI 48230 | Farmington Hills, MI 48331 |
| (313) 344-4000 | (248) 489-1100 |
| burdett@boyleburdett.com | enl@yockeylaw.com |

## PROOF OF SERVICE

I, Edward N. Lynch, certify that on October 10, 2012 I electronically filed the foregoing papers with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

/s/ Edward N. Lynch
Edward N. Lynch P43800
Attorney for Defendant
33742 West Twelve Mile Road
Farmington Hills, MI 48331
(248) 489-1100
enl@yockeylaw.com