UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VETEL DIAGNOSTICS, INC.,

      Plaintiff and counter-defendant,

                                                        Case No. 11-14575
v.                                               Honorable David M. Lawson

BERT BOSSARDET,

      Defendant and counter-plaintiff.
_____/

## ORDER AUTHORIZING FILING OF DOCUMENTS UNDER SEAL

On October 1, 2012, the defendant filed a motion seeking authorization to file documents under seal. The Court denied that motion on October 5, 2012 because the defendant had failed to present sufficient information to justify sealing the documents. On October 10, 2012, the parties filed a document characterized as a joint brief in support of a stipulated order to authorize sealing of documents. In the brief, the parties request that the Court authorize the sealing of the plaintiff's profit and loss statements, offered in support of the defendant's response to the plaintiff's motion for partial summary judgment.

It is well established that this Court, as every other court, "has supervisory power over its own records and files." *Nixon v. Warner Communications Inc.*, 435 U.S. 589, 598 (1978). Such authority includes fashioning protective orders that limit access to certain court documents. *See* Fed. R. Civ. P. 26(c). But the district court's power to seal records is subject to the "long-established legal tradition" of open access to court documents. *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1177 (6th Cir. 1983). "[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon*,

435 U.S. at 597 (footnotes omitted); *Brown & Williamson*, 710 F.2d at 1180 (ordering Federal Trade Commission documents unsealed because "[t]he public has a strong interest in obtaining the information contained in the court record."); *see also In re Perrigo Co.*, 128 F.3d 430, 446 (6th Cir.1997) (Moore, J., concurring in part and dissenting in part) (declaring that "[s]ealing court records . . . is a drastic step, and only the most compelling reasons should ever justify non-disclosure of judicial records"). As the court of appeals explained in *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470 (6th Cir. 1983), there is a "presumptive right" of public access to court records, which permits inspection and copying.

> The recognition of this right of access goes back to the Nineteenth Century, when, in *Ex Parte Drawbraugh*, 2 App. D.C. 404 (1894), the D.C. Circuit stated: "Any attempt to maintain secrecy, as to the records of this court, would seem to be inconsistent with the common understanding of what belongs to a public court of record, to which all persons have the right of access."

*Id.* at 474 (citations omitted).

In exercising its discretion to seal judicial records, the Court must balance the public's common law right of access against the interests favoring nondisclosure. *See Nixon*, 435 U.S. at 599, 602 (stating that Court must consider "relevant facts and circumstances of the particular case"); *Belo Broadcasting Corp. v.. Clark*, 654 F.2d 423, 434 (5th Cir. 1981); *see also Bank of Am. Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344 (3d Cir. 1986) (court has a duty to "balance the factors favoring secrecy against the common law presumption of access"); *Newman v. Graddick*, 696 F.2d 796, 803 (11th Cir. 1983) ("The historic presumption of access to judicial records must be considered in the balance of competing interests.").

"Only the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News-Sentinel*, 723 F.2d at 476. Certainly, the Court has the discretion to limit this access

in extraordinary cases, such as when those seeking access intend to "gratify private spite or promote public scandal through the publication of the painful and sometimes disgusting details of a divorce case," or use court "files to serve as reservoirs of libelous statements for press consumption, or as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598. "Trial courts have always been afforded the power to seal their records when interests of privacy outweigh the public's right to know. But . . . the decision as to when judicial records should be sealed is left to the sound discretion of the district court, subject to appellate review for abuse." *Knoxville News-Sentinel*, 723 F.2d at 474.

It was observed in *Tinman v. Blue Cross & Blue Shield of Michigan*, 176 F. Supp. 2d 743 (E.D. Mich. 2001), that in order to have confidential information in a court record kept under seal, the movant must make a specific showing that disclosure of information would result in some sort of serious competitive or financial harm. *Id.* at 745. "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). A showing of substantial personal or financial harm is a prerequisite to an order sealing a file.

The parties have described the documents at issue as setting forth detailed financial information for the complete operation of the plaintiff's business, and state that this information is proprietary and confidential. The parties further state that the plaintiff is a closely-held business operating in a highly competitive and specialized market, and that divulging the plaintiff's financial information would lead to significant financial harm. Michigan law recognizes a policy that favors the protection of economic information that "[d]erives independent economic value, actual or

```
```

potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use" and which the business seeks to protect through the exercise of diligence.  *See* Mich. Comp. Laws § 445.1902(d); *see also Hayes-Albian v. Kuberski*, 421 Mich. 170, 182, 364 N.W.2d 609, 614 (1984); *Kubik, Inc. v. Hull*, 56 Mich. App. 335, 347, 224 N.W.2d 80, 87 (1974).  Such data does not ""encompass information which is readily ascertainable, i.e., capable of being acquired by competitors or the general public without undue difficulty or hardship."  *Kubik, Inc.*, 56 Mich. App. at 348, 224 N.W.2d at 87.

Based on the information now furnished by the defendant, the Court is persuaded that disclosure of the documents that set forth the plaintiff's profit and loss statements for years 2007 through 2011 creates a substantial risk of financial harm to the plaintiff.  Therefore, the Court will authorize the filing of these documents under seal.

Accordingly, it is **ORDERED** that the defendant may file under seal the exhibits consisting of the plaintiff's profit and loss statements for years 2007 through 2011.

        s/David M. Lawson
        DAVID M. LAWSON
        United States District Judge

Dated: October 12, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 12, 2012.

        s/Deborah R. Tofil
        DEBORAH R. TOFIL